IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL R. WILLIAMS | ) | CASE NO. 3:09CV1717 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. KATZ |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF | ) | MEMORANDUM OF OPINION |
| REHABILITATION AND CORRECTION, | ) | AND ORDER |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Samuel R. Williams brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Nurse Yeoman and Ms. A. Castaneda, a supervisor employed by ODRC. Plaintiff states that he has a continued medical problem and is on chronic care. He alleges that on May 24, 2009, Nurse Yeoman informed him that he could not have his medication because it had expired. He asserts that he explained to her that the medication was not expired and asked her to check the medical book which she refused to do. Plaintiff states:

> Nurse Yeomans' [sic] has a duty of care as owed to this defendant in seeing that he gets his mandatory injection medication when she is on shift and her complete failure to check the medication log book to ensure that the defendant's medication either was or was not expired is an act of negligence to the serious medical needs of the defendant which will be explained at a later time... The negligent acts of Nurse Yeoman through her deliberate indifference has caused the plaintiff serious physical harm by way of severe pain in his abdomen and throughout his body for several days as a result of Nurse Yeoman's failure to give plaintiff his mandatory injection medication.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking

relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 \* 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Although ODRC and Supervisor A. Castaneda are named as defendants there in no mention of them in the complaint. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). *See Hussein v. City of Perrysburg,* 535 F.Supp.2d 862, 873 (N.D. Ohio 2008)(liability of a defendant under § 1983 cannot be based solely on the right to control employees, or simple awareness of employees' misconduct). Because proof of personal involvement is required, liability cannot be imposed under *respondeat superior*. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The complaint fails to state a cause of action against ODRC and A. Castaneda.

Nurse Yeoman remains as a defendant. Plaintiff does not affirmatively state in which capacity he brings suit against her. She may possibly be sued in her official or individual capacities or both. The Eleventh Amendment bars suits for monetary relief against state officials sued in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1983); *Cady v. Arenac County*, 574 F.3d

334, 342 (6th Cir. 2009); *Eagle v. Marriott*, 2009 WL 801734 * 2 (E.D. Mich., Mar. 25, 2009). Prisoner's civil rights damages claims against prison staff are actually against the state. *Ruiz v. Hofbauer*, 325 Fed.Appx. 427, 430 (6th Cir. 2009). Therefore, Nurse Yeoman, a prison staff member, cannot be sued for damages in her official capacity.

The Court must now look at the pleading to determine if there is sufficient indication that she may be individually liable. In order for a suit brought against a public, government official to be considered as seeking damages against the defendant in his or her individual capacity, the pleading must clearly and definitely set forth a claim for individual liability. *Fitten v. Chattanooga Police Dept.*, 2008 WL 161003 * 3 (E.D.Tenn.) (E.D.Tenn., Jan 15, 2008) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995);*Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993). Generally, absent any express indication the defendant is being sued in his or her individual capacity, the Court must assume he or she is being sued only in his or her official capacity as an employee of the governmental entity. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir. 1991). Failure of the plaintiff to explicitly state whether a defendant is sued in his or her individual capacity is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he or she is being sued as an individual. In the present case, the facts alleged in the complaint show that Nurse Yeoman was responsible for failure to provide medication to plaintiff. Thus, she must remain as a defendant in her individual capacity.

Cruel and unusual punishment in violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Mere negligence or malpractice is insufficient to establish an Eighth

3

Amendment violation. *Bowman, v. Corrections Corp. of America*, 350 F.3d 537, 544 (citing *Estelle,* 429 U.S. at 106 n. 14). In order to be found liable, a prison official must know of and disregard an excessive risk to inmate health or safety. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ford v. County of Grand Traverse,* 535 F.3d 483, 495 (6th Cir. 2008)(quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Further, the inmate must have a sufficiently serious medical need such that he is "incarcerated under conditions posing a substantial risk of serious harm." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004). He must also must show "that the prison official possessed a 'sufficiently culpable state of mind....' Deliberate indifference requires a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005)(quoting *Farmer,* 511 U.S. at 834-35).

Plaintiff fatally alleged that Nurse Yeoman's conduct constituted negligence. As previously stated, a claim of mere negligence does not rise to the level of stating a claim. *Bowman,* 350 F.3d at 544; *Newsome v. Peterson*, 66 Fed.Appx. 550, 551 (6th Cir. 2003). Consequently, this action must be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

Date:  11/24/20009

/s/ David A. Katz
_____
JUDGE DAVID A. KATZ
UNITED STATES DISTRICT JUDGE